No. 9163.

## ANDREWS ET AL. *v.* SWANTON ET AL.

PARTIES.—*Husband and Wife.*—*Notice.*—In a suit to foreclose a mortgage upon lands purchased by a married woman subsequent to the mortgage, her husband is a proper party defendant, and it is not necessary to aver that he had notice of the mortgage.

PLEADING.—When a party is made defendant to answer to his interest, he can not, after verdict, object to the complaint that his interest is not specifically stated.

PRACTICE.—Objection to the sufficiency of a reply comes too late after verdict.

SAME.—*New Trial.*—Where a party negligently and without excuse fails to prepare for trial, he can not get a new trial because of surprise, and of accident preventing his presence at the trial; and if upon such a motion there be counter affidavits contradictory of the statements of those in support, the Supreme Court will not interfere with the ruling on the motion.

From the Cass Circuit Court.

*D. P. Baldwin* and *D. D. Dykeman,* for appellants.

*M. Winfield* and *Q. A. Myers,* for appellees.

ELLIOTT, J.—The appellees brought this suit upon a mortgage executed to them by John Kirkham and wife. The mortgage was not recorded, and Lucy Andrews subsequently purchased the mortgaged real estate, but, as the complaint avers, with actual knowledge of the mortgage. It is alleged that Thomas Andrews is the husband of Lucy, and, as such, is made a party to the action. No question as to the sufficiency of the complaint was made in the court below, but its sufficiency is here challenged by the assignment of errors. It is contended that it does not state a cause of action against Thomas Andrews. We think it does show that he was a proper party to the foreclosure suit, for it shows that his wife was the owner of the equity of redemption, and that, as her husband, he had an inchoate interest in the property. It was proper, if not necessary, to make him a party to the suit in order that all right of redemption might be barred.

It was not necessary to allege that Thomas Andrews had

notice of the mortgage. He possesses only such rights as his marital relations confer upon him, and notice to his wife was all that need be shown. Whatever infirmities there are in her title necessarily exist in his rights or interests. He can not have a better title or higher right than that possessed by his wife, from whom his whole interest flows.

Where a party is brought into court to answer as to his interest in land, it is not necessary that the complaint should specifically set forth the character of his title or interest. The nature of his title is a matter peculiarly within his own knowledge, and, in such cases, the plaintiff is not held to any great degree of particularity in pleading title in his adversary.

If the appellant Thomas Andrews had a title superior to that of appellee's mortgage, he should have asserted it when brought into court and challenged to make his true interest appear. He can not, for the first time, successfully assail the complaint, because it does not fully set forth his interest, by an assignment of errors. We do not think he could do so by demurrer, but we are certain that, after verdict, such an objection can not prevail.

The complaint not only alleges that Lucy Andrews had notice of the mortgage, but it also charges that, as part of the consideration, she assumed and agreed to pay it. She answered, among other things, that the conveyance to her was by deed of warranty, and that, at the time of its execution, the land was encumbered by unpaid taxes. To this answer, appellees replied the general denial, and that the appellant Lucy Andrews had, as part of the consideration, agreed to pay all the taxes assessed against the land. It is said that the reply is bad; but we are not called upon to decide this question, for the reason that no demurrer was filed to any of the paragraphs of the reply. As there was no ruling upon the sufficiency of the reply, and, of course, no exception, no question is presented for our consideration. Especially must this result, where, as here, there is one paragraph of a reply which is unquestionably good.

A motion for a new trial was filed upon the ground of surprise, and of accident preventing the presence of the appellants at the trial. Counter affidavits were filed directly contradicting the statements of the affidavits filed in support of the motion. An issue of fact was thus formed, and, upon a hearing, decided against appellants. The evidence strongly supports the finding of the trial court upon this question of fact, and we can not disturb it.

If, however, we had the right to interfere with the finding upon the controverted question of fact, we should still be compelled to affirm the judgment. No diligence is shown. The failure of appellants to attend the trial is not excused. It appears that their attorneys were present when the cause was called for trial; that no effort was made to postpone the trial, nor any objection interposed to the action of the court. It was the duty of appellants to have made reasonable preparation for trial; or, if not prepared, to inform their attorneys, and thus enable them to secure a postponement. The fact that they had changed attorneys did not excuse them from notifying those formerly employed, or from informing the adverse parties and the court of such change. It would be productive of great injustice to permit parties to negligently fail to prepare for trial, and afterwards secure a new trial upon the ground of surprise.

Judgment affirmed.